UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARTIN L. HARRIS,

                              MEMORANDUM AND ORDER

           Plaintiff,                          CV 07-1866

       -against-                             (Wexler, J.)

COUNTY OF NASSAU, VILLAGE OF
HEMPSTEAD, VILLAGE OF HEMPSTEAD
POLICE DEPARTMENT, ASSISTANT
DISTRICT ATTORNEY ANTHONY CIACCIO,
DETECTIVE JAMES HENDRY, DETECTIVE
GERARD GIAMBRUNO, OFFICER EDWARD
A. MATALONE,

           Defendants.
------------------------------------------------------------X
APPEARANCES

       MARTIN L. HARRIS
       Plaintiff Pro Se

       LORNA B. GOODMAN, ESQ., NASSAU COUNTY ATTORNEY
       BY: RALPH J. REISSMAN, ESQ., DEPUTY COUNTY ATTORNEY
       Attorney for Defendants
       One West Street
       Mineola, New York 11501

WEXLER, District Judge

       This is a civil rights lawsuit arising out of Plaintiff's February 2006 arrest, and subsequent pre-trial incarceration. After Plaintiff was acquitted of the crime with which he was charged, he commenced this federal action. Plaintiff sets forth a variety claims pursuant to 42 U.S.C. §§1983, 1985 and 1986. Each claim is based upon facts alleging false arrest, false imprisonment, and malicious prosecution. Additionally, Plaintiff alleges related state law claims. Named as Defendants are the County of Nassau (the "County"), the Village of Hempstead (the

1

"Village"), the Village of Hempstead Police Department (the "Hempstead Police"), Detectives James Hendry and Gerard Giambruno and Police Officer Edward A. Matalone. Presently before the court is the motion of all Defendants to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow the motion to dismiss is granted.

## BACKGROUND

### I. Factual Background

The facts set forth below are drawn from Plaintiffs' complaint. The facts are construed in the light most favorable to Plaintiff, the non-moving party, and assumed at this juncture, to be true. Facts are also drawn from state court judicial records that are properly before the court and known to Plaintiff. They are therefore appropriate to consider in the context of this motion. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); Stubbs v. Simone 2005 WL 1079286 * (S.D.N.Y. 2005); see also Faulkner v. Verizon Communications, Inc., 156 F. Supp.2d 384, 391 (S.D.N.Y.2001) (under Fed.R.Evid. 201(b) courts "may take judicial notice of pleadings in other lawsuits attached to the defendants' motion to dismiss ⋯ as a matter of public record") (citing cases).

### A. Plaintiff's Arrest and Indictment

Documents before the court indicate that on February 4, 2006, an individual named Roberto Rivera was the victim of a crime. In a supporting deposition signed by Rivera on that date, he states that he was approached by a man, on Stewart Avenue in Hempstead, New York, who grabbed him and demanded his wallet. Rivera's deposition describes being punched by the perpetrator and suffering a laceration to his head.

On February 13, 2006, Rivera completed a second supporting deposition concerning the

2

February 4 incident. In that deposition, Rivera states that while riding in a friend's car on Stewart Avenue, he saw the man who robbed and beat him on February 4. The deposition states that after spotting the perpetrator, Rivera called the police. The police took Rivera, in their vehicle, to the place where Rivera made the identification. Upon returning to the site, Rivera made a positive identification and the police arrested the man identified – Plaintiff Martin Harris. Rivera's statement contained in the second supporting deposition, states that he was "100% sure" that the individual identified was the person who robbed and injured him on February 4.

After his arrest, Harris executed a written admission to the crime alleged. In a "Statement of Admission," dated February 13, 2006, Harris stated that while he was exiting a deli on Stewart Avenue on the preceding Saturday, a Puerto Rican man (presumably Rivera) walked into Harris. Harris's admission states that the man that bumped into him "looked like he was going to hit" Harris, which prompted Harris to "smack" him.

B.  The Indictment and Trial and Plaintiff's Post Trial Claims Against Nassau County

On February 27, 2006, a Nassau County grand jury handed up an indictment accusing Harris of the crime of attempted robbery in the second degree. Harris was tried on the charge and was acquitted. Thereafter, on December 20, 2006, Harris filed a notice of claim against Nassau County, alleging the same claims pursued here. Harris was represented by counsel in the filing of the notice of claim. Although he is now proceeding without an attorney, Harris was represented by counsel when this case was filed and the presently before the court was drafted by counsel.

II.  Plaintiffs' Complaint and the Motions to Dismiss

As noted, Plaintiff's complaint sets forth several civil rights violations. All claims arise out of Plaintiff's allegations that he was wrongfully arrested despite the fact that, as found by the

3

state court jury, Plaintiff was not guilty of the crime with which he was charged. Defendants moves to dismiss on various grounds. Dismissal of the false arrest, false imprisonment, malicious prosecution and due process claims is sought on the grounds that there was probable cause to arrest and qualified immunity. Dismissal of the equal protection claim is sought on the ground that Plaintiff nowhere pleads disparate treatment as compared with other similarly situated individuals. Assistant District Attorney Ciaccio seeks dismissal of the claims against him on the ground of prosecutorial immunity. Nassau County and the Village of Hempstead seek dismissal on the ground that Plaintiff cannot show the required unconstitutional custom, practice or policy. All civil rights conspiracy claims are sought to be dismissed on the ground that no substantive claim is stated. Finally, in the event that the federal claims are dismissed, Defendants seek to have the court decline to exercise jurisdiction over all pendent state claims. After outlining relevant legal principles, the court will turn to the merits of the motions.

## DISCUSSION

I. General Legal Principles

   A. Standards on Motion to Dismiss

In Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), the Supreme Court rejected the "oft quoted" standard set forth in Conley v. Gibson, 355 U.S. 41, 78 (1957), that a complaint should not be dismissed, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 45-46. The court discarded the "no set of facts" language in favor of the requirement that plaintiff plead enough facts "to state a claim of relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974.

The "plausibility" language used by the Supreme Court in Bell Atlantic has not been

4

interpreted by the Second Circuit to require a "universal standard of heightened fact pleading," but to require a complaint to "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 158 (2d Cir.2007) (emphasis in original). Further, courts have noted that while heightened factual pleading is not the new order of the day, Bell Atlantic holds that a "formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above a speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." Williams v. Berkshire Fin. Grp. Inc., 491 F. Supp.2d 320, 324 (E.D.N.Y. 2007), quoting, Bell Atlantic Corp., 127 S. Ct. at 1959.

In the context of a motion to dismiss, this court must, as always, assume that all allegations set forth in the complaint are true and draw inferences in favor of the non-moving party. Watts v. Services for the Underserved, 2007 WL 1651852*2 (E.D.N.Y. June 6, 2007). The court must ensure, however, that the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974.

II.     False Arrest and False Imprisonment

   A.    Stating a Claim

The elements of a Section 1983 claim for false arrest and false imprisonment are the same as the elements of such a claim under New York state law, and are well established. See Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). A Plaintiff seeking to establish such claims must show that: (1) defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement and (4) the confinement was not "otherwise privileged." Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995); see

Danielak v. City of New York, 2005 WL 2347095 *6 (E.D.N.Y. 2005), aff'd. mem. 2006 WL 3780790 (2d Cir. 2006); Coyle v. Coyle, 302 F. Supp.2d 3, 7 (E.D.N.Y. 2004). The final element of the cause of action is negated, and no civil rights claim is stated if there was probable cause for the arrest. Caldarola v. Calabrese, 298 F.3d 156, 161 (2d Cir. 2002) (probable cause is "absolute defense" to claim of false arrest); Gathers v. White, 2007 WL 446755 *4 (E.D.N.Y. 2007); see Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004); Singer, 63 F.3d at 118-19; Danielak, 2005 WL 2347095 at *6.

Probable cause to arrest exists where an officer "has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." Caldarola, 298 F.3d at 162; see, e.g., Singer, 63 F.3d at 119; Danielak, 2005 WL 2347095 at *6; Coyle, 302 F. Supp.2d at 7. The probable cause determination requires a court to consider the facts available to the officer at the time of, and immediately prior to, the arrest. Caldarola, 298 F.3d 156.

In the absence of circumstances raising questions regarding witness veracity, the receipt of a sworn complaint from a victim of a crime will establish probable cause. E.g., Caldarola 298 F.3d at 162-63; Singer, 63 F.3d at 119; Danielak, 2005 WL 2347095 at *7. Probable cause to arrest exists where an officer's information is derived from a putative victim of a crime "who it seems reasonable to believe is telling the truth." Caldarola, 298 F.3d at 163. Where an "unquestionably honest citizen comes forward with a report of criminal activity . . . rigorous scrutiny of the basis of his knowledge" is unnecessary. Caldarola, 298 F.3d at 163.

    B.    <u>Probable Cause Bars The False Arrest and False Imprisonment Claims</u>

In this case, even in the context of a motion to dismiss, it is clear that probable cause existed to arrest Harris. As noted above, Harris was arrested after Rivera executed the second supporting deposition. That paper identified Harris as the perpetrator of the crime. When Rivera drove with the arresting officers to the place where Harris was observed, Rivera confirmed to the officers that he was sure that Harris was the individual who attempted to rob him. The second supporting deposition, and identification by Rivera conclusively establish probable cause to arrest and therefore forecloses any civil rights claim alleging false arrest or false imprisonment.

The probable cause determination focuses on what was known to the officers at the time of the arrest, and not the outcome of the criminal proceedings. Thus, the fact that Harris was ultimately acquitted of the crime with which he was charged does nothing to negate the presence of probable cause, and does not form the basis for a civil rights claim. E.g., Spinks v. Reinstein, 2007 WL 189472 *4 (W.D.N.Y. 2007); see Pierson v. Ray, 386 U.S. 547, 555 (1967) (police officer not liable for false arrest "simply because the innocence of the suspect is later proved"). In light of the foregoing holding as to probable cause, the court dismisses the claims for false arrest and false imprisonment.

C.  Qualified Immunity

In addition to arguing that probable cause bars the false arrest and false imprisonment claims, the arresting officers argue that the claims against them are barred by qualified immunity. Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Saucier v. Katz, 533 U.S. 194, 200 (2001), quoting, Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Qualified immunity bars an action against a government official where the conduct alleged "does not violate clearly established statutory or constitutional rights of which a

7

reasonable person would have known." Zellner v. Summerlin, 494 F.3d 344, 367 (2d Cir. 2007), quoting, Harlow v. Fitzgerald, 457 U.S. 800. 818 (1982).

In a case alleging false arrest, qualified immunity exists where the defendant police officer had "arguable" probable cause to arrest. Caldarola, 298 F.3d at 162. Arguable probable cause exists where it was either objectively reasonable to believe that probable cause existed or officers of reasonable competence could disagree on the existence of probable cause. Escalera, 361 F.3d at 743; see also Caldarola, 298 F.3d at 162 (arguable probable cause exists where officer holds reasonable, albeit mistaken, belief as to probable cause).

In addition to holding that probable cause bars the false arrest and false imprisonment claims, the court further holds that even if probable cause did not exist, there can be no question but that arguable probable cause sufficient to support qualified immunity, exists. Specifically, even if the defendant police officers were somehow mistaken as to their belief regarding probable cause, it was certainly reasonable to believe that probable cause existed. In light of the foregoing, the officers are entitled to dismissal of the Section 1983 claims for false arrest and false imprisonment.

III.  Malicious Prosecution

    A.  Stating a Claim

To state a Section 1983 claim sounding in malicious prosecution a plaintiff must prove: (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) a favorable termination of the proceedings; (3) lack of probable cause to for commencement of the proceeding and (4) that the defendant acted with actual malice. Russell v. Smith, 68 F.3d 33, 35 (2d Cir. 1995); Murphy v. Lynn, 118 F.3d 938, 947 (2d Cir. 1997); Spinks, 2007 WL 189472 at

8

*3. Arresting police officers with probable cause to arrest are entitled to a qualified immunity defense as to claims of malicious prosecution. This is because after arrest, the matter is in the hands of the prosecutorial authorities making the decision to continue with the prosecution and outside of police discretion. See Danielak, 2005 WL 2347095 at *9.

B.   Disposition of the Malicious Prosecution Claims

As noted, the defendant police officers had probable cause to arrest Harris. The court's holding with respect to probable cause as to the claim of false arrest also forecloses a claim for malicious prosecution. See Savino v. City of New York, 331 F.3d 63, 72 (2d Cir. 2003). Additionally, the police officer defendants possessed no authority over the prosecution and are therefore entitled to the defense of qualified immunity from a claim of malicious prosecution. As to any claim of malicious prosecution against the named assistant district attorney, such a claim is foreclosed by the grand jury indictment which establishes probable cause to prosecute. See id. Moreover, as discussed below, the assistant district attorney is entitled to prosecutorial immunity in connection with the prosecution of the case against Harris. See Bernard v. County of Suffolk, 356 F.3d 4950503-04 (2d Cir. 2004). For the foregoing reasons, the court dismisses all civil rights claims sounding in malicious prosecution. See Gathers, 2007 WL 446755 at * 5.

IV.   Due Process Claim

Due process is violated where officers act in bad faith and make an arrest without probable cause. United States v. McDermott, 918 F.2d 319, 325 (2d Cir. 1990). Where, as here, probable cause has been clearly established, there can be no claim for denial of either the procedural or substantive right to due process. See, e.g., Little v. City of New York, 487 F. Supp.2d 426, 442-43 (S.D.N.Y. 2007); Lucky v. City of New York, 2004 WL 2088557 *6

9

(S.D.N.Y. 2004). Accordingly, to the extent that the complaint sets forth a claim for denial of the Fourteenth Amendment right to Due Process of Law, any such claim must be dismissed.

V.  Equal Protection Claim

The Fourteenth Amendment right to Equal Protection of the law is "essentially a direction that all persons similarly situated be treated alike." City of Cleburne, Texas v. Cleburne Living Center, 473 U.S. 432, 439 (1985); Disabled American Veterans v. United States Dep't of Veterans Affairs, 962 F.2d 136, 141 (2d Cir. 1992). While an equal protection claim may be based upon the allegation that plaintiff was a victim of discrimination due to membership in a protected class, Giano v. Senkowski, 54 F.3d 1050, 1057 (2d Cir. 1995), the right to equal protection also extends to individuals who allege disparate treatment based upon ill will or without rational basis. Harlen Assocs. v. Incorporated Village of Mineola, 273 F.3d 494, 499 (2d Cir. 2001). To establish an equal protection violation, a plaintiff must show treatment different from other similarly situated individuals. See Harlen, 273 F.3d at 499. Similarity is generally a factual issue for a jury. That rule is "not absolute, however, and a claim can be subject to summary dismissal where no rational jury could find similarity." Harlen, 273 F.3d at 499 n.2.

In addition to a showing of similarity, Plaintiffs must also show either that the disparate treatment: (1) was based upon "'impermissible considerations," including the "malicious or bad faith intent to injure," or (2) was wholly irrational or arbitrary. Harlen, 273 F.3d 500; see Bizzarro v. Miranda, 394 F.3d 82, 86 (2d Cir. 2005); see also Village of Willowbrook v. Olech, 528 U.S. 562 (2000).

Plaintiff's complaint sets forth no claim whatever to support the notion that there was a denial of his right to equal protection of the law. The complaint, drawn by competent counsel

10

prior to Plaintiff's decision to proceed pro se, sets forth neither allegations of disparate treatment from those similarly situation nor any claim that such treatment was based upon Constitutionally impermissible considerations. Accordingly, the court dismisses any claim based upon the theory that Plaintiff was denied his right to equal protection of the law.

VI.   Conspiracy Claims Pursuant to Sections 1985 and 1986

Plaintiff's complaint alleges a Section 1985 conspiracy to violate civil rights and a section 1986 claim for failure to prevent a Section 1985 conspiracy. Both claims must be dismissed.

The elements of a claim under Section 1985 are : (1) a conspiracy; (2) motivated by racial or other discriminatory animus; (3) for the purpose of depriving any person or a class of persons of the equal protection of the laws or of equal privileges and immunities under the law; (4) an overt act in furtherance of the conspiracy and (5) injury. Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971); Gagliardi v. Village of Pawling, 18 F.3d 188, 194 (2d Cir. 1994); Gleason v. McBride, 869 F.2d 688, 694-95 (2d Cir. 1989); Mele v. Christopher, 7 F. Supp.2d 419, 421 (S.D.N.Y. 1998), aff'd., 173 F.3d 845 (2d Cir. 1999); Sacco v. Pataki, 982 F. Supp. 231, 246 (S.D.N.Y. 1997).

To avoid dismissal, a claim of conspiracy must state more than conclusory allegations. Leon v. Murphy, 988 F.2d 303, 311(2d Cir. 1993); Polur v. Raffe, 912 F.2d 52 (2d Cir. 1990); see also Fariello v. Rodriguez, 148 F.R.D. 670, 677 (E.D.N.Y. 1993), aff'd., 22 F.3d 1090 (2d Cor. 1994). Specifically, a plaintiff must allege "with at least some degree of particularity overt acts which defendants engaged in which were reasonably related to the promotion of the alleged conspiracy." Elmasri v. England, 111 F. Supp.2d 212, 218 (E.D.N.Y. 2000), quoting, Fariello, 148 F.R.D. at 677. Failure to allege any facts in support of a claim results in dismissal. See id. at

11

221-22. Plaintiff sets forth no facts in support of any claim of conspiracy against the various Defendants. Accordingly, the motion to dismiss the conspiracy claims is granted.

Section 1986 provides for a cause of action for failure to prevent a Section 1985 conspiracy. 42 U.S.C. § 1986. This section is tied specifically to Section 1985 and does not set forth a general cause of action for failure to prevent any violation of Section 1983. See Graham v. Henderson, 89 F.3d 75, 82 (2d Cir. 1996); Dwares v. City of New York, 985 F.2d 94, 101 (2d Cir. 1993); Abdi v. Brookhaven Science Assocs., LLC., 447 F. Supp.2d 221, 227 (E.D.N.Y. 2006). In view of the fact that Plaintiffs fail to allege a Section 1985 conspiracy, the claim pursuant to Section 1986 must be dismissed. Graham, 89 F.3d at 82 (dismissing Section 1986 claim where complaint contained no allegation of Section 1985 violation).

VII. Claims Against The Assistant District Attorney

Plaintiff claims that the Defendant Assistant District Attorney (the "ADA") violated his civil rights by presenting "manufactured" and "contrived" testimony. As noted above, however, the ADA presented the case against Harris based upon the indictment of a grand jury. That indictment was handed up based upon the supporting depositions of an eye witness and the statement of Harris. More importantly, the ADA is protected from precisely the type of claim made here by the doctrine of prosecutorial immunity. Each and every action taken by the ADA here was undertaken in his capacity as an advocate. Such actions cannot form the basis for a civil lawsuit alleging violation of civil rights. See Bernard v. County of Suffolk, 356 F.3d 495, 503-04 (2d Cir. 2004).

VIII. Municipal Liability of Nassau County and the Village of Hempstead

Where, as here, Plaintiff's complaint sets forth no viable claim against individual

defendants, the claim against a municipality for a violation of those civil rights must also be dismissed. See Escalera v. Lunn, 361 F.3d 737, 749 (2d Cir. 2004) (granting summary judgment dismissing county as a defendant where claims against individual defendant police officers dismissed on ground of qualified immunity); see also Cogswell v. County of Suffolk Deputy Sheriff's Department, 375 F. Supp.2d 182, 189 (E.D.N.Y. 2005).

IX.     Pendent State Claims

In view of the dismissal of all federal claims, the court declines to exercise its discretion to entertain any pendent state claims and, instead, dismisses the complaint in its entirety. United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1996) (where federal claims are dismissed before trial state claims should be dismissed as well); Grace v. Rosenstock, 228 F.3d 40, 55 (2d Cir. 2000).

## CONCLUSION

For the reasons set forth above, the court grants the motion of Defendants to dismiss all federal claims set forth in the complaint. The court declines to exercise pendent jurisdiction over any state claims. Accordingly, the complaint is dismissed in its entirety. The Clerk of the Court is directed to terminate the motion to dismiss and to close the file in this matter.

SO ORDERED.

/s/
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       September 29, 2008